FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 10, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

GENOVEVA L.,

    Plaintiff,

    v.

ANDREW M. SAUL,
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

No. 2:19-CV-00152-RHW

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS**

    Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 11 & 12.  Plaintiff brings this action seeking judicial review of the Commissioner's final decision denying her application for Social Security Disability Insurance under Title II, 42 U.S.C. §§ 401-434.  After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed.  For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion for Summary Judgment, **DENIES** Defendant's Motion for Summary Judgment, and **REMANDS** the matter back to the Commissioner for additional proceedings.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** ~ 1

## I.     Jurisdiction

Plaintiff filed an application for Social Security Disability Insurance on November 24, 2015.  AR 244.  She alleged a disability onset date of July 23, 2015.  AR 345.  Plaintiff's application was initially denied on March 10, 2016, AR 257-59, and on reconsideration on May 17, 2016, AR 261-63.

Administrative Law Judge ("ALJ") Larry Kennedy held a hearing on August 23, 2017 and heard testimony from Plaintiff and vocational expert Kelly Bartlett.  AR 200-33.  On March 5, 2018, the ALJ issued a decision finding Plaintiff ineligible for disability benefits.  AR 141-58.  The Appeals Council denied Plaintiff's request for review on March 5, 2019.  AR 1-6.  Plaintiff sought judicial review by this Court on May 7, 2019.  ECF No. 1.  Accordingly, Plaintiff's claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

## II.     Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social

Security Act. 20 C.F.R. § 404.1520(a)(4); *Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999). This burden is met once the claimant establishes that physical or mental impairments prevent him from engaging in his previous occupations. 20 C.F.R. § 404.1520(a). If the claimant cannot engage in his previous occupations, the ALJ proceeds to step five and the burden shifts to the Commissioner to demonstrate that (1) the claimant is capable of performing other work; and (2) such work exists in "significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue,* 700 F.3d 386, 388-89 (9th Cir. 2012).

### III.   Standard of Review

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (quoting *Andrews v. Shalala*, 53 F.3d

1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted).  In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ.  *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992).  "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation."  *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).  Further, a district court will not reverse an ALJ's decision on account of an error that is harmless.  *Id*.  An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted).  The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

### IV. Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings and only briefly summarized here.  Plaintiff was 51 years old at the alleged date of onset.  AR 345.  At application, Plaintiff alleged that the following conditions

limited her ability to work: fibromyalgia; depression; arthritis; media and lateral epicondylitis right and left; De Quervain's tenosynovitis on both hands; chondromalacia of patella/runner's knee; cervical paraspinal muscle spasm; acute stress reaction; and irritable bowel syndrome (IBS). AR 359. Plaintiff completed her GED in 1998. AR 360. At the time of application, Plaintiff stated that she could speak and understand English. AR 359. However, at the hearing Plaintiff was provided an interpreter and stated that she could read and understand some English. AR 202, 211. Plaintiff previously worked as a dental assistant, AR 361, but that she had stopped working on June 22, 2015 because of her conditions and because of discrimination:

> I had too much pressure at work, I got anxiety, stress and I got depressed because, I was a victim of discrimination due to my age and my health conditions. I was told: "You are too old to do your job" and "For the last two years you are not performing right". I was also also [*sic*] victim of harassing. I was having panic attacks and my blood pressure went high.

AR 360.

## V. The ALJ's Findings

The ALJ determined that Plaintiff was not under a disability within the meaning of the Act from the alleged date of onset, July 23, 2015, through the date of the decision. AR 141-58.

**At step one**, the ALJ found that Plaintiff had not engaged in substantial

gainful activity since her alleged date of onset.  AR 143 (citing 20 C.F.R. § 404.1571 *et seq.*).

**At step two**, the ALJ found that Plaintiff had the following severe impairments: bilateral knee medial meniscus tear/osteoarthritis and shoulder bursitis.  AR 143 (citing 20 C.F.R. § 404.1520(c)).

**At step three**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1.  AR 148 (citing 20 C.F.R.  §§ 404.1520(d), 404.1525, 404.1526).

**At step four**, the ALJ found Plaintiff had the residual functional capacity (RFC) to perform a work at all exertional levels with the following limitations:

> The claimant can occasionally balance, stoop, kneel and crouch.  She can never climb ladders/ropes/scaffolds or ramps/stairs and never crawl.  She is capable of frequent reaching, handling and fingering.  She must avoid concentrated exposure to vibrations and hazards such as unprotected heights and dangerous machinery.

AR 148-49 (citing 20 C.F.R.  § 404.1567(b)).  The ALJ identified Plaintiff's past relevant work as a dental assistant and found that she was able to perform this past relevant work.  AR 156.

As an alternative to denying the claim at step four, the ALJ made a **step five** determination that, in light of her age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** ~ 6

could perform, including the jobs of small products assembler, photocopy machine operator, usher, and furniture rental clerk. AR 156-57.

## VI. Issues for Review

Plaintiff argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, she argues that the ALJ erred by: (1) failing to properly weigh the medical opinion evidence; (2) failing to make a proper step two determination; and (3) failing to properly consider Plaintiff's symptom statements. ECF No. 11.

## VII. Discussion

**A.    Medical Opinion Evidence.**

Plaintiff challenges the weight the ALJ gave to the opinions of Stuart Utley, PT and Shellie Rabidou, PA-C. ECF No. 11 at 10-19.

Generally, the ALJ should give more weight to the opinion of an acceptable medial source than to the opinion of an "other source," such as a physical therapist or a physician's assistant. 20 C.F.R. § 404.1513(a)(3). The Ninth Circuit has criticized applying this lesser standard to providers such as nurse practitioners and physician's assistants, stating "regulations provide an out-dated view that consider a nurse practitioner as an 'other source.'" *Popa v. Berryhill*, 872 F.3d 901, 907 (9th Cir. 2017). On March 27, 2017, the regulations were amended to reflect this view and included nurse practitioners and physician assistants, but not physical

therapists, in the list of providers considered acceptable medical sources. 20 C.F.R. § 404.1502(a). However, this change only applies to applications filed with the Social Security Administration on or after March 27, 2017. 20 C.F.R. § 404.1502(a)(7). Plaintiff's application was filed in 2015. Therefore, this Court is required to apply the "out-dated view" and treat both opinions as "other sources." *Popa*, 872 F.3d at 907. An ALJ must give "germane" reasons to discount evidence from "other sources." *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

    1.    Stuart Utley, PT

On November 2, 2015, Therapist Utley completed a functional capacity evaluation of Plaintiff. AR 652-83. He opined that Plaintiff could not meet the demands of her job as a dental assistant. AR 654. He stated that Plaintiff was unable to lift up to 50 pounds safely, was unable to sit on a consistent basis, and was unable to utilize hands/upper extremities to perform various handing/fingering activities on a consistent basis. AR 654. He further stated that Plaintiff "demonstrated functional abilities to work an occupation noted as sedentary with some abilities in light if she were allowed to change positions ever 30-60 minutes to control symptoms and if repetitive upper extremity bouts were kept to 10 minutes or less." *Id*.

The ALJ did not discuss Therapist Utley's opinion. While Therapist Utley is not an acceptable medical source, *see* 20 C.F.R. § 404.1502(a), the ALJ is still

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 8

required to consider his opinion, *see* 20 C.F.R. § 404.1527(f). "The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." Social Security Ruling (S.S.R.) 96-8p.

Here, the ALJ referenced the evaluation and testing conducted by Therapist Utley when addressing Plaintiff's symptom statements. AR 152. However, the ALJ failed to address the opinion itself. This is an error. The case is remanded for the ALJ to properly address the opinion.

**2. Shellie Rabidou, PA-C**

On September 28, 2016, PA Rabidou completed a Medical Report form identifying Plaintiff's diagnoses as fibromyalgia, cervical radiculitis, bursitis of the shoulder, and right knee degenerative joint disease. AR 365. She opined that work on a regular and continuous basis would cause Plaintiff's condition to deteriorate. *Id*. She stated that if Plaintiff were attempting to work a 40-hour work week schedule, it was more probable than not that she would miss four or more days per month of work due to her medical impairments. AR 635. She opined that Plaintiff was limited to sedentary work and occasional handling and reaching bilaterally. AR 636.

The ALJ gave this opinion "slight" weight for four reasons: (1) she provided little evidence of clinical findings or objective functional deficits to support the

1  degree of limitations opined; (2) she is not an acceptable medical source; (3) the
2  degree of limitation opined is not consistent with the overall medical record; and
3  (4) the degree of limitation opined is inconsistent with Plaintiff's reported
4  activities.  AR 154-55.
5       The case is being remanded for the ALJ to consider the opinion of the
6  physical therapist.  Therefore, the ALJ will also address the opinion of PA Rabidou
7  on remand.
8       **3.    English**
9       As a part of challenge the weight assigned to the medical opinions, Plaintiff
10 also discussed her language limitation.  ECF No. 11 at 18-19.  She argues that by
11 not limiting her language in the RFC determination, the ALJ presented an
12 incomplete hypothetical to the vocational expert at the hearing and failed to meet
13 his burden at step five.  Without determining whether the ALJ erred in his RFC
14 determination concerning Plaintiff's language limitations, the Court instructs the
15 ALJ to readdress this issue on remand.
16 **B.    Step Two**
17      Plaintiff challenges the ALJ's step two determination by asserting that he
18 failed to properly consider Plaintiff's fibromyalgia and mental health impairments.
19 ECF No.  11 at 3-10.
20      Step two addresses whether the claimant has a severe impairment, or

combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(a)(4)(ii). To establish a severe impairment at step two, the claimant must first establish the existence of a medically determinable impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms, a diagnosis, or a medical opinion is not sufficient to establish the existence of an impairment. 20 C.F.R. § 404.1521. "[O]nce a claimant has shown that [she] suffers from a medically determinable impairment, [she] next has the burden of proving that these impairments and their symptoms affect [her] ability to perform basic work activities." *Edlund v. Massanari*, 253 F.3d 1152, 1159-60 (9th Cir. 2001). At step two, the burden of proof is squarely on the Plaintiff to establish the existence of any medically determinable impairment(s) and that such impairments(s) are severe. *Tackett*, 180 F.3d at 1098-99 (In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits.).

      The step-two analysis is "a de minimis screening device used to dispose of groundless claims." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005). An impairment is "not severe" if it does not "significantly limit" the ability to conduct "basic work activities." 20 C.F.R. § 404.1522(a). Basic work activities are "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1522(b).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** ~ 11

The ALJ found that Plaintiff's fibromyalgia was not a medically determinable impairment, AR 144, and that Plaintiff's depression and anxiety were not severe, AR 146.

**1. Fibromyalgia**

"Fibromyalgia is 'a rheumatic disease that causes inflammation of the fibrous connective tissue components of muscles, tendons, ligaments, and other tissue.'" *Revels v. Berryhill*, 874 F.3d 648, 656 (9th Cir. 2017) (quoting *Benecke v. Barnhart*, 379 F.3d 587, 589 (9th Cir. 2004)). Social Security Ruling 12-2p provides two sets of diagnostic criteria for fibromyalgia, based on the 1990 American College of Rheumatology (ACR) Criteria for the Classification of Fibromyalgia and the 2010 ACR Preliminary Diagnostic Criteria. Under to the first set of criteria, a person suffers from fibromyalgia if: (1) she has widespread pain that has lasted at least three months (acknowledging that pain may "fluctuate in intensity and may not always be present"); (2) she has tenderness in at least eleven of eighteen specified points on her body; and (3) there is evidence that other disorders are not accounting for the pain. *Id.* at *2–3. Under the second set of criteria, a person suffers from fibromyalgia if: (1) she has widespread pain that has lasted at least three months (again, acknowledging that pain may "fluctuate in intensity and may not always be present"); (2) she has experienced repeated manifestations of six or more fibromyalgia symptoms, signs, or co-occurring

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** ~ 12

conditions, "especially manifestations of fatigue, cognitive or memory problems ("fibro fog"), waking unrefreshed, depression, anxiety disorder, or irritable bowel syndrome"; and (3) there is evidence that other disorders are not accounting for the pain. *Id.* at *3. Furthermore, the Court takes note that fibromyalgia is not a condition that generally presents with extensive objective findings. *See generally, Revels*, 874 F.3d at 656-57; *Benecke*, 379 F.3d 587; S.S.R. 12-2p.

The ALJ found that Plaintiff did not meet the 1990 ACR Criteria because Plaintiff "has never been formally evaluated for fibromyalgia." AR 144. In support of this finding, the ALJ refers to evaluations in June and August of 2016 showing tenderness and "non-allopathic lesions" but dismissed these findings because the physician did not indicate fibromyalgia as a diagnosis. *Id*. William Errico, DO found that Plaintiff had nonallopathic lesions of the cervical region, thoracic region, lumbar region, rib cage, pelvic region, sacral region, and lower extremities. AR 782, 798. Here, it is unclear if the ALJ's reliance on these findings indicates that he considered these to be tender points. If the ALJ was unsure of the accuracy of the medical test results in the evidence, he should have called a medical expert to testify at the hearing. HALLEX I-2-5-34. Likewise, the Ninth Circuit has found that fibromyalgia is unusual because despite symptoms of chronic pain, multiple tender points, fatigue, stiffness, and sleep disturbance, "those suffering from it have muscle strength, sensory functions, and reflexes that

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** ~ 13

are normal." *Revels*, 874 F.3d at 656. If the medical evidence was inadequate to allow for a proper evaluation of the evidence, the ALJ had a duty to develop the record. *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001). Considering the nature of fibromyalgia and the rate at which providers relied on this impairment throughout the record, the ALJ erred by not finding that the record was inadequate and not ordering a consultative evaluation for a physician to complete a tender point exam.

The ALJ found that Plaintiff did not meet the 2010 ACR Preliminary Diagnostic Criteria because "she does not have repeated manifestations of the six or more fibromyalgia symptoms, signs, or co-occurring conditions." AR 144. In support of this finding, the ALJ stated that "during a November 2015 physical evaluation, the claimant had negative exam, including no CVA tenderness and normal gait." *Id*. It is unclear how this single evaluation supports the ALJ's findings as "CVA tenderness" and abnormal gait are not fibromyalgia symptoms, signs, or co-occurring conditions. Furthermore, the evidence demonstrates manifestations of sleep disturbance, AR 503, 711, depression, AR 510, anxiety, AR 503, 545, 556, fatigue, AR 556, 569, IBS, AR 567, and headaches, AR 576. Therefore, the ALJ's determination is not supported by substantial evidence.

Additionally, the ALJ found that "the record lacks evidence of exclusion of other disorders that could be causing the symptoms." AR 144. However, the

record shows extensive testing to determine the cause of her pain and fatigue.  AR 440-42, 609-34.

Therefore, upon remand, the ALJ will send Plaintiff for a consultative evaluation to determine whether Plaintiff meets the diagnostic criteria for fibromyalgia under S.S.R. 12-2p.  Additionally, the ALJ will call a medical expert to testify at the hearing to address the impairment of fibromyalgia and any potential onset date of such an impairment.

### 2. Depression and Anxiety

The ALJ found that Plaintiff's depression and anxiety were medically determinable, but not severe, impairments.  AR 146.  Depression and anxiety are fibromyalgia symptoms.  S.S.R. 12-2p.  Since the case is being remanded for the ALJ to send Plaintiff for a consultative evaluation to address her fibromyalgia, a proper development of the record also calls for a consultative evaluation of Plaintiff's psychological impairments to be completed upon remand.

### C. Plaintiff's Symptom Statements

Plaintiff challenges that ALJ's determination that her symptom statements are unreliable.  ECF No. 11 at 19-21.

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective symptoms is reliable.  *Tommasetti*, 533 F.3d at 1039.  First, the claimant must produce objective medical evidence of an underlying

impairment or impairments that could reasonably be expected to produce some degree of the symptoms alleged. *Id*. Second, if the claimant meets this threshold, and there is no affirmative evidence suggesting malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Id*.

Here, the ALJ found that the medically determinable impairments could reasonably be expected to produce the symptoms Plaintiff alleged; however, the ALJ determined that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision" AR 150.

The evaluation of a claimant's symptom statements and their resulting limitations relies, in part, on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c); S.S.R. 16-3p. Therefore, in light of the case being remanded for the ALJ to properly address the medical source opinions in the file and the step two determination, a new assessment of Plaintiff's subjective symptom statements will be necessary.

## VIII. Conclusion

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*,

888 F.2d 599, 603 (9th Cir. 1989). Reversing and awarding benefits is appropriate when (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand, the Court remands for an award of benefits. *Revels*, 874 F.3d at 668. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke*, 379 F.3d at 595-96; *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

In this case, the ALJ must further develop the record pertaining to Plaintiff's fibromyalgia under S.S.R. 12-2p. To do so, the ALJ will send Plaintiff for a consultative evaluation to determine the diagnosis of fibromyalgia through a tender point test and a psychological consultative evaluation to evaluate Plaintiff's mental health impairments. Additionally, the ALJ will call a medical expert to testify at the hearing regarding fibromyalgia at step two and throughout the sequential evaluation process. In the event that fibromyalgia is found to be a medically determinable severe impairment, the medical expert will be called upon to address

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** ~ 17

the onset date of such an impairment should an onset date need to be inferred. *See* S.S.R. 18-1p. Further proceedings are necessary for the ALJ to readdress the medical opinions in the record and Plaintiff's symptom statements. Additionally, the ALJ will supplement the record with any outstanding evidence and call a vocational expert to testify at a remand hearing.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 11,** is **GRANTED.**

2. Defendant's Motion for Summary Judgment, **ECF No. 12,** is **DENIED.**

3. This matter is **REMANDED** to the Commissioner for further proceedings consistent with this Order.

4. Judgment shall be entered in favor of **Plaintiff** and the file shall be **CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

DATED: March 10, 2021

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 18**